IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JAMES R. JARVIS and AMELIA E. JARVIS, ANDRE D. MONTGOMERY and BONITA R. MONTGOMERY, ALLARD J. NAYADLEY and JANET L. NAYADLEY, | * * * * * | |
| Plaintiffs, | * * | CASE NO. _____ \_\_\_\_\_ |
| vs. | * * * | |
| HAMILTON COUNTY DEPARTMENT OF EDUCATION, TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES, HAMILTON COUNTY, TENNESSEE, HAMILTON COUNTY DISTRICT ATTORNEY'S OFFICE, MARSHALL N. PINKSTON, and FRED R. SMITH, JR., personally and individually and jointly and severally, | * * * * * * * * * | |
| Defendants. | * | |

## COMPLAINT

Plaintiffs, James R. Jarvis ("Jarvis"), Amelia E. Jarvis ("A. Jarvis"), Allard J. Nayadley ("Nayadley"), Janet L. Nayadley ("J. Nayadley"), Andre D. Montgomery ("Montgomery"), and Bonita R. Montgomery ("B. Montgomery"), by and through counsel, Bowe and Associates, PLLC, for their Complaint against the named Defendants, Hamilton County Department of Education ("HCDE"), Tennessee Department of Children's Services ("DCS"), Hamilton County, Tennessee ("County"), Hamilton County District Attorney's Office ("HCDA"), Marshall N. Pinkston, ("Pinkston") and Fred R. Smith, Jr., ("Smith"), states as follows:

# I.     JURISDICTION

1.      This lawsuit is for among other things, damages for breach of fiduciary duty, negligence, wrongful termination, wrongful retention, breach of contract, defamation, fraud/deceit, civil rights violations, age discrimination, and loss of consortium.

2.      This action is brought under the laws of the State of Tennessee, and pursuant to 42 U.S.C. § 1981, 1983 and the common and statutory laws of the State of Tennessee to redress the violation by the Defendants of, among other things, the Plaintiffs' rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      This Honorable Court has jurisdiction over all claims including the § 1981 and §1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343; and *Poling v. Goins*, 713 S.W.2d 305 (Tenn. 1986). It has jurisdiction to hear companion state law claims under 28 U.S.C. §1367 and the laws of the State of Tennessee.

# II.     PARTIES

4.      Plaintiffs Jarvis and Nayadley reside in Chattanooga, Hamilton County and are Caucasian. Plaintiff Montgomery resides in McMinn County, Tennessee and is African-American. All acts complained of arise out of Hamilton County, Tennessee.

5.      The Hamilton County Department of Education ("HCDE") is a political subdivision of the State of Tennessee and operates a school system which employs Plaintiffs and others as well as educates students in Hamilton County, Tennessee and at all times referenced herein acted under color of law.

6.      Defendant Rick Smith ("Smith"), was at the time of the incidents giving rise to this claim, duly appointed and acting as the Superintendent and employee of the HCDE, acting under color of law and the statutes, ordinances, regulations, policies, customs and

usages of the State of Tennessee and Hamilton County, Tennessee. He is sued in his individual and official capacity.

7.     Defendant Neal Pinkston ("Pinkston"), was, at the time of the incidents giving rise to this claim, duly appointed and acting as the District Attorney and employee of Hamilton County, acting under color of law and the statutes, ordinances, regulations, policies, customs and usages of the State of Tennessee and Hamilton County, Tennessee. He is sued in his individual and official capacity.

8.     The Defendant Department of Children's Services ("DCS") subdivision of the State of Tennessee and responsible for levying administrative procedures which impact employment, and removes children from parents or otherwise, under color of law, acts to remove or restrict freedoms absent appropriate due process and initiates stigma based on inappropriate labels.

9.     Defendant Hamilton County ("County") is a municipality organized under the laws of the State of Tennessee and doing business as Hamilton County, State of Tennessee. At all times pertinent hereto, Defendant County funds HCDE and the Hamilton Office of the District Attorney ("HCDA").

### III.     GENERAL ALLEGATIONS

10.     Jarvis was the principal of Ooltewah High School during the 2015 – 2016 school year. Jarvis earned and was named Administrator of the Year for 2006 – 2007 School Year for the State of Tennessee. Jarvis satisfied all his teaching certifications, requirements and licensure during the 2015 – 2016 school year. Jarvis had no disciplinary record or poor performance evaluations during the 2015 – 2016 School Year.

11.     Montgomery was the Head Ooltewah Basketball Coach during the 2015 – 2016 School Year. His service to students and players often meant he donated time, money,

and transportation to see them through school and tribulations in life. Montgomery incorporated that service from his time as a Department of Children's Services Family Case Manager for over ten (10) years. Montgomery satisfied all his teaching certifications, requirements and licensure during the 2015 – 2016 school year to remain eligible for any embedded teaching opportunities with HCDE. Montgomery had no disciplinary record or poor performance evaluations during the 2015 – 2016 School Year.

12.   Nayadley was the Ooltewah High School Athletic Director during the 2015 – 2016 School Year. Nayadley satisfied all his teaching certifications, requirements and licensure during the 2015 – 2016 school year. Nayadley had no disciplinary record or poor performance evaluations during the 2015 – 2016 School Year.

13.   On December 22, 2015, at approximately 9:00 p.m. Montgomery was washing dishes on the main level of a cabin in Sevierville when three (3) players on his High School Basketball team assaulted a fourth player.

14.   Currently, two (2) federal diversity lawsuits await disposition before the Honorable Travis R. McDonough, Judge of the United States District Court, Eastern District Tennessee.

15.   Montgomery, as Head Coach, took the injured player to the local hospital where law enforcement authorities were timely and properly notified of the assault and began an investigation, separated the alleged perpetrators and interviewed witnesses. The injured player was misdiagnosed with simple pain and sent back to the cabin.

16.   However, his situation was more than simple pain. Upon returning to the cabin, the player notified Montgomery that he needed assistance. Montgomery and the investigating officers decided that the player needed a trauma center. At the trauma center, the player was treated, stabilized, and after five (5) days was discharged.

17.    What followed was not only disturbing, but unfathomable. Specifically, the HCDE called a series of press conferences where, through its Superintendent of Schools, Rick Smith, it misrepresented information, policy, procedures, protocol, and fiduciary duties with respect to Montgomery, Nayadley, and Jarvis. This caused a media frenzy and circus of misreported facts, irresponsible reporting, misrepresentations, speculation, conjecture, and media vilification of Jarvis, Nayadley and Montgomery.

18.    On January 14, 2016, the Hamilton County District Attorney, despite the investigation, and immediate prosecution of the three (3) players responsible for the assault and injury on the fourth player, and the Sevierville Police Department and District attorney's Office refusal to prosecute Montgomery or Nayadley as they had committed no wrongdoing, issued a Juvenile Court Summons claiming that Montgomery, Nayadley and Karl Williams (assistant coach) violated Tennessee's law of reporting child abuse by failing to report.

19.    Despite arguments to the contrary and the clear language of the statute instructing against a preliminary hearing, and prosecution, the Hamilton County, Tennessee Juvenile Court held a series of hearings soliciting testimony and information unnecessary, illegal and inappropriate all at the urging of the Hamilton County District Attorney.

20.    During the pendency of these proceedings, the Hamilton County District Attorney continued releasing information to the media, held numerous press conferences and interviews, and sought nothing but publicity as to the prosecutions launched without statutory or factual support. Repeatedly and continually, the Hamilton County District Attorney referred to interpretation of the statute instead of applying its clear language.

21.    During this time, Rick Smith continued making misrepresentations as to the sequence of events, even going so far as to claim he had no knowledge (thereby misleading

the Hamilton County School Board and the general public), using the media as a vehicle to spread this misinformation. Rick Smith's purpose was to detract from his poor management abilities, and his sense of control and failure to notify the school board members timely and appropriately thereby failing to provide instruction and reassurance. Rick Smith took these actions outside the scope of his employment as Superintendent and always in an effort to protect himself by misleading the School Board including during a series of closed meetings and publicly.

22.     At no point in time did the HCDE issue directions, orders or instructions to Rick Smith to cease and desist in his extra-judicial comments, or dissemination of information.

23.     On February 28, 2016, DCS filed charges against Montgomery and Williams alleging lack of supervision. The administrative charge is pending as to Montgomery. As a result, Montgomery is unable to work as a teacher, coach or otherwise in any school system including college. DCS failed to follow policy, procedure, or protocol, erroneously naming Montgomery and Nayadley as persons indicated for failing to report child abuse and/or lack of supervision, all without due process under the law.

24.     On May 18, 2016, the Hamilton County District attorney indicted Montgomery, Nayadley, and Williams for failure to report despite the injury occurring to the fourth player in another jurisdiction; and despite the statute's clear definitions as to what constitutes child abuse required to be reported, to whom the statutory duty to report is applicable and who must report such information.

25.     Between May 18, 2016, and December 16, 2016, the HCDA embarks on a public media campaign to present to the public every piece of information and argument available.

26.     Between May 18, 2016, and December 16, 2016, HCDE, continuing to rely on Rick Smith's inept guidance, Rick Smith issued letters of suspension to Montgomery and Nayadley, essentially terminating them without due process or a hearing against their contract terms; and set in motion all predicate facts for his successor to issue a letter of reassignment to Jarvis essentially demoting him without due process or proper hearing against his contract terms.

27.     On December 16, 2016, The Honorable Judge Don Poole DISMISSED the charges of failure to report against Montgomery, holding, among other things, that the statute did not apply to the age group of the injured player, nor did the statute apply to the alleged perpetrators of the injury as they were not family members, custodians, parents, guardians, or caregivers of the injured player.

28.     Despite the dismissal of the criminal charge, neither DCS, nor the HCDE retreated from their respective positions vilifying Montgomery and Nayadley; nor did the HCDE retreat from its improper and illegal suspension of Montgomery and Nayadley or de facto termination through demotion of Jarvis.

29.     Amelia Jarvis is the wife of Jarvis and at all times hereto suffered from the vilification of her husband at the hands of HCDE, Rick Smith, Neal Pinkston, and Hamilton County. Jarvis suffered emotional distress caused by the false claims against him including, but not limited to, claims that he presided over a school of bullying and lack of attention to students, and that he fostered a culture of violence despite being named Tennessee's Administrator of the year for his service during prior school years. These and other claims brought by HCDE and its so-called independent investigator and Pinkston's self-serving report both lacking in any specifics as to names, dates, and facts of incidents all published to third parties and used to demote, transfer, and de facto terminate Jarvis were false when alleged, false when presented, and false when published to third parties.

Further, A. Jarvis was denied the services of her husband Jarvis pursuant to Tennessee law causing extreme emotional distress, including, but not limited to, anxiety, insomnia, and other conditions.

30.     Bonita Montgomery is the wife of Montgomery and at all times hereto suffered from the vilification of her husband at the hands of HCDE, Rick Smith, Neal Pinkston, and Hamilton County. Montgomery suffered emotional distress caused by the false claims and false criminal charge levied against him including, but not limited to, claims that he presided over a basketball program which encouraged bullying, violence, and that he failed to act pursuant to Tennessee law, lack of attention or supervision to student-athletes, and that he fostered a culture of violence despite the assistance, contributions, and mentoring he provided those players participating in his basketball program over the years. These and other claims brought by HCDE and its so-called independent investigator as well as Pinkston's self-serving report both lacking in any specifics as to names, dates, and facts of incidents which continued to destroy the reputation, earning potential, and job prospects of Montgomery, all published to third parties and used to suspend, transfer, and terminate Montgomery were false when alleged, false when presented, and false when published to third parties. Further, B. Montgomery was denied the services of her husband Montgomery pursuant to Tennessee law causing extreme emotional distress, including, but not limited to, anxiety, insomnia, and other conditions and at all times hereto suffered from the vilification of her husband at the hands of HCDE, Rick Smith, Neal Pinkston, and Hamilton County.

31.     Janet Nayadley is the wife of Nayadley and at all times hereto suffered from the vilification of her husband at the hands of HCDE, Rick Smith, Neal Pinkston, and Hamilton County. Nayadley suffered emotional distress caused by the false claims and false criminal charge levied against him including, but not limited to, claims that he presided

over a coach and a basketball program which encouraged bullying, violence, and that he failed to act pursuant to Tennessee law, lack of supervision of his coaches and student-athletes, and that he fostered a culture of violence despite the mentoring he provided those players participating in his basketball program over the years. These and other claims brought by HCDE and its so-called independent investigator as well as Pinkston's self-serving report, both lacking in any specifics as to names, dates, and facts of incidents which continued to destroy the reputation, earning potential, and job prospects of Nayadley, all published to third parties and used to suspend, transfer, and terminate Nayadley were false when alleged, false when presented, and false when published to third parties. Further, J. Nayadley was denied the services of her husband Nayadley pursuant to Tennessee law causing extreme emotional distress , including, but not limited to, anxiety, insomnia, and other conditions and at all times hereto suffered from the vilification of her husband at the hands of HCDE, Rick Smith, Neal Pinkston, and Hamilton County.

IV.    COUNT ONE – VIOLATION OF 42 U.S.C. §1981 and 1983

32.    Plaintiff incorporate fully ¶¶ 1 through 31 as if fully set out herein and aver that such actions and omissions on the part of the defendants and those described herein below constitute violation of Plaintiffs' civil rights to be free from discriminatory conduct produced by state action or those acting under color of state law for which the Defendants are individually and jointly liable.

33.    The Defendants, each of them and all of them, under color of law violated Jarvis', Montgomery, Nayadley's constitutional rights as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution by falsely and illegally disseminating false facts, misrepresenting the true facts, suspending Montgomery and Nayadley, demoting Jarvis without due process or a hearing and otherwise stripping from them the opportunity to defend their employment against the untrue and malicious

allegations spread by, among others, Smith, causing them to suffer physical pain and anguish by the public presentation and spreading of these false facts and painting each of the Plaintiffs in a false light treating each Plaintiff with deliberate indifference notwithstanding their contention that they did not commit the infraction as alleged in the summons and subsequent indictments, or in Jarvis' case, that no charge or indictment was levied yet he was subjected to the same treatment at the hands of Smith and HCDE. Each of the Plaintiffs suffered emotional trauma and suffering and humiliation from being treated in this fashion.

34. The actions of the defendants violated clearly established and well-settled United States Constitutional rights to be free from due process violations, as well as false claims of wrongdoing including arrest, booking, indictment and those rights of detainees as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Therefore, pursuant to 42 U.S.C. §§1981 and 1983, the Defendants, each of them is liable to the Plaintiff under each count in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00).

## V.     COUNT TWO – RESPONDEAT SUPERIOR

35. Plaintiff incorporate fully ¶¶ 1 through 34 as if fully set out herein and aver that such actions and omissions on the part of the defendants and those described herein below constitute respondeat superior for which they are individually and jointly liable.

36. The Defendants named in this Complaint were appointed by the Hamilton County Department of Education and Hamilton County at the time of their actions and were acting outside the scope of their employment as well as acting by virtue of or under of color of their respective offices.

37. Defendant Rick Smith published false information to third parties, including a tribunal, and withheld information contrary to his fiduciary duty to both the Plaintiffs

Jarvis, Montgomery, Nayadley, and the HCDE Board. Smith's presentation of false information and his omission of other information caused the Board to operate under a false belief as to the Plaintiffs and approve decisions made by Rick Smith, conscious of his having provide false information and withholding information all to serve his interests and not HCDE's or Jarvis, Montgomery, or Nayadley.

38.     Rick Smith then took adverse employment actions against Montgomery and Nayadley and set the stage for Jarvis' adverse employment action, having provided false information to HCDE Board members, having withheld information or omitted information from HCDE and its Board members, as well as misrepresenting facts to the public and a tribunal.

39.     The adverse employment action taken by Rick Smith caused Plaintiffs damages in the loss of their wages, bonuses, pension, retirement, and benefits.

40.     Therefore, the Defendants Hamilton County and HCDE are liable to Plaintiffs pursuant to the doctrine of respondeat superior for the actions of the Defendants as described above and under each count, the Defendants, each of them, is liable to the Plaintiff under each count in the amount of One Hundred Thousand Dollars ($100,000.00).

VI.     COUNT THREE - NEGLIGENCE

41.     Plaintiff incorporate fully ¶¶ 1 through 40 as if fully set out herein and aver that such actions and omissions in addition to those described herein below on the part of the defendants constitute negligence for which they are individually and jointly liable.

42.     County, HCDE, HCDA, Pinkston, Smith owed Plaintiffs certain duties. HCDE, as employer of Plaintiffs owed them a duty of fair dealing, and certain obligations pursuant to contract. HCDA and County owed them a duty to refrain from misreporting, or approving, overtly or tacitly, misrepresentations to the public. Smith owed the Plaintiffs a duty to refrain from misrepresenting the facts.

43.     Smith owed a fiduciary duty as Plaintiffs' Superintendent to fairly and accurately report the facts as known. He utterly failed to do so. Specifically, he reported half-truths and misrepresented the facts of the player's injury all to the detriment of the Plaintiffs.

44.     Pinkston, as a prosecutor, owed the Plaintiffs a duty not to prosecute the innocent. Specifically, Tennessee rules of ethics for prosecutors' states: by publishing false facts and misrepresenting the facts Pinkston violated that duty. Further, by convincing the Hamilton County Juvenile Court to interpret the statute on child abuse reporting differently from it's clear written mandate, acting beyond the scope of his employment and confines of his office, Pinkston encouraged interpreting a statute in order to prosecute Montgomery and Nayadley in order to satisfy public outcry, all of which was devoid of the accurate and relevant facts, directed at the innocent.

45.     Pinkston breached his duty not to call Jarvis as in a prosecution of the innocent. Pinkston also breached his duty not to prosecute Montgomery and Nayadley as innocents.

46.     HCDE, Rick Smith and Pinkston's breach of their respective duties owed to each individual Plaintiff caused Plaintiff's damages including, but not limited to, adverse employment actions, loss of earnings, loss of benefits, loss of retirement and pension, and damage to reputation eliminating decades of education preparation, degrees, and work experience.

47.     This action then is brought by the Plaintiffs pursuant to the common and statutory laws of the State of Tennessee including, specifically, negligence for owing them a duty, breaching that duty, and proximately and legally causing them damages as a result of that breach of duty by falsely and illegally arresting, and detaining Montgomery and Nayadley; and for relying upon misrepresentations of fact by Smith, HCDE, HCDE's

agents, as well as misrepresenting the law by Pinkston as the basis to arrest, detain, and prosecute Montgomery and Nayadley, as well as demote and thereby de facto terminate Jarvis; suspend and subsequently terminate Montgomery and Nayadley causing each Plaintiff to suffer physical and emotional pain and anguish from removing them from their respective contractual duties without the benefit of or a proper hearing and due process to which they were due pursuant to contract and Tennessee law.

48. Jarvis, Nayadley and Montgomery suffered pecuniary damages as well as emotional trauma and humiliation from being treated in this fashion.

49. This count is for damages for negligence occasioned by Montgomery and Nayadley's false arrest and prosecution. Therefore, pursuant to Tennessee law, the Defendants, and each of them is liable to the Plaintiff under each count in the amount of Two Hundred Thousand Dollars ($200,000.00).

VII.     COUNT FOUR –FALSE ARREST, AND FALSE IMPRISONMENT

50. Plaintiff incorporate fully ¶¶ 1 through 49 as if fully set out herein.

51. This action is also brought by Montgomery and Nayadley pursuant to the common and statutory laws of the State of Tennessee for false arrest and false imprisonment in that the defendants falsely and illegally arrested, and detained Montgomery and Nayadley causing them to suffer physical pain and anguish. Montgomery and Nayadley suffered pecuniary damages, emotional trauma, pain, suffering, and humiliation from being treated in this fashion. This count is for damages for the false arrest and detention of Montgomery and Nayadley. Therefore, pursuant to Tennessee law, the Defendants, and each of them is liable to the Plaintiff under each count in the amount of One Hundred Thousand Dollars ($100,000.00).

VIII.     COUNT FIVE – COMMON LAW MALICIOUS PROSECUTION

52.     Plaintiffs incorporate fully ¶¶ 1 through 51 as if fully set out herein and aver that such actions and omissions on the part of the defendants constitute malicious prosecution for which they are individually and jointly liable.

53.     This count is for pecuniary and emotional damages for the continuation of prosecution with malice in the false arrest and detention of Montgomery and Nayadley. Therefore, pursuant to Tennessee law, the Defendants, and each of them is liable to the Plaintiff under each count in the amount of One Hundred Thousand Dollars ($100,000.00).

### IX. COUNT SIX – COMMON LAW ABUSE OF PROCESS

54.     Plaintiffs incorporate fully ¶¶ 1 through 53 as if fully set out herein and aver that such actions and omissions on the part of the defendants constitute abuse of process for which they are individually and jointly liable.

55.     This count is for damages for abuse of process in the false arrest and detention of Montgomery and Nayadley. Therefore, pursuant to Tennessee law, the Defendants, and each of them is liable to the Plaintiff under each count in the amount of One Hundred Thousand Dollars ($100,000.00).

### X. COUNT SEVEN – BREACH OF FIDUCIARY DUTY

57.     Plaintiffs incorporate full ¶¶ 1 through 56 as if fully set out herein and aver that such actions and omissions on the part of defendants constitute breach of fiduciary duty for which they are individually and jointly liable.

58.     Each of the defendants owed Montgomery a fiduciary duty. HCDE owed Montgomery a fiduciary duty to investigate and afford due process pursuant to the terms of his contract.

59.     Each of the defendants owed Nayadley a fiduciary duty. HCDE owed Nayadley a fiduciary duty to investigate and afford due process pursuant to the terms of his contract.

60.    Each of the defendants owed Jarvis a fiduciary duty. HCDE owed Jarvis a fiduciary duty to investigate and afford due process pursuant to the terms of his contract.

61.    This count is for damages for breach of fiduciary duty of Hamilton County, HCDE, DCS, Rick Smith, and Pinkston in the false arrest and detention of Montgomery and Nayadley. Further, this count is for the breach of fiduciary duty of Hamilton County, HCDE, DCS, Rick Smith, and Pinkston in the demotion and de facto termination of Jarvis. Therefore, pursuant to Tennessee law, the Defendants, and each of them is liable to the Plaintiff under each count in the amount of One Hundred Thousand Dollars ($100,000.00).

## XI. COUNT EIGHT – BREACH OF CONTRACT

62.    Plaintiffs incorporate fully ¶¶ 1 through 61 as if fully set out herein and aver that such actions and omissions on the part of defendants constitute breach of contract for which they are individually and jointly liable.

63.    Jarvis and HCDE were parties to a contract which required certain duties and obligations from Jarvis. The contract required certain duties and obligations from HCDE. The contract also defined certain terms regarding discipline, demotion, and termination.

64.    Jarvis fulfilled his duties under the contract. HCDE failed to fulfill its duties or otherwise adhere to the terms of the contract with respect to Jarvis.

65.    Montgomery and HCDE were parties to a contract which required certain duties and obligations from Jarvis. The contract required certain duties and obligations from HCDE. The contract also defined certain terms regarding discipline, demotion, suspension and termination.

66.    Montgomery fulfilled his duties under the contract. HCDE failed to fulfill its duties or otherwise adhere to the terms of the contract with respect to Montgomery.

67.    Nayadley and HCDE were parties to a contract which required certain duties

and obligations from Jarvis. The contract required certain duties and obligations from HCDE. The contract also defined certain terms regarding discipline, demotion, suspension, and termination.

68.     Nayadley fulfilled his duties under the contract. HCDE failed to fulfill its duties or otherwise adhere to the terms of the contract with respect to Nayadley.

69.     This count is for damages for breach of contract of HCDE, and Rick Smith in the false arrest and detention of Montgomery and Nayadley. Further, this count is for the breach of Fiduciary duty of HCDE, and Rick Smith, in the demotion and de facto termination of Jarvis. Therefore, pursuant to Tennessee law, the Defendants, and each of them is liable to the Plaintiff under each count in the amount of One Hundred Thousand Dollars ($100,000.00).

## XII. <u>COUNT NINE – AGE, GENDER AND RACE DISCRIMINATION BY HCDE AGAINST JARVIS</u>

70.     Plaintiffs incorporate fully ¶¶ 1 through 69 as if fully set out herein and aver that such actions and omissions on the part of defendants constitute discrimination under T.C.A § 4-21-401 et seq. on the basis of age and gender as to Jarvis; discrimination on the basis of race and gender as to Montgomery; and discrimination on the basis of race and gender as to Nayadley for which each defendant is individually and jointly and severally liable.

71.     HCDE demoted, transferred and de facto terminated Jarvis relying on false facts, and omissions provided to it by Rick Smith and others including their own independent investigator. Among those false facts included, that Jarvis presided over a culture of violence and bullying at Ooltewah High School with no specific names, dates, references to incidents or even detailed allegations of Jarvis' participation or knowledge of the specific names, dates, and incidents.

72. Further, Jarvis was not accused of any crime of child abuse or failure to report. Yet, HCDE still administered an adverse employment action, aware of the true facts that Jarvis responded to the incident as outlined in HCDE's policy manual and pursuant to Tennessee law.

73. HCDE discriminated against Jarvis' age, race, and gender by demoting, transferring, and de facto terminating him based on specious, anonymous, reports and lack of specific facts and detail but letting those administrators and teachers who actually committed crimes against children remain employed, teaching in classroom, and interacting with students. Rather than name the individual teachers, the incidents are specifically, at Central High School, a teacher was charged with having sex with two (2) students 'enticing them to her home,' but no report was made, nor was policy followed regarding the teacher. At East Ridge High School, a teacher engaged in sexual congress with a student. A female teacher, engaged in sexual congress with two (2) different students. None of the teachers or principals in the aforementioned few examples, among the many others, were treated as poorly as Jarvis, who had not engaged in criminal conduct with students, who fulfilled his legal obligation on behalf of students, and who fulfilled his contractual duty to HCDE yet was demoted, transferred and de facto terminated.

74. This count is for damages for age, race and gender discrimination by HCDE, and Rick Smith in the demotion, transfer and de facto termination of Jarvis. Therefore, pursuant to Tennessee law, the Defendants, and each of them is liable to the Plaintiff under each count in the amount of Three Hundred Thousand Dollars ($300,000.00).

### XIII. COUNT TEN – GENDER AND RACE DISCRIMINATION BY HCDE AGAINST MONTGOMERY

75. Plaintiffs incorporate fully ¶¶ 1 through 74 as if fully set out herein and aver that such actions and omissions on the part of defendants constitute discrimination under

T.C.A. § 4-21-4-1 et seq. on the basis of age and gender as to Jarvis; discrimination on the basis of race and gender as to Montgomery; and discrimination on the basis of race and gender as to Nayadley for which each defendant is individually and jointly and severally liable.

76.     HCDE suspended, transferred and terminated Montgomery relying on false facts, and omissions provided to it by Rick Smith and others including their own independent investigator. Among those false facts included, that Montgomery presided over a culture of violence and bullying at Ooltewah High School with no specific names, dates, references to incidents or even detailed allegations of Montgomery's participation or knowledge of the specific names, dates, and incidents.

77.     Further, Montgomery was not accused of any crime of conduct upon a child amounting to child abuse. Yet, HCDE still administered an adverse employment action, aware of the true facts that Montgomery responded to the incident as outlined in HCDE's policy manual and pursuant to Tennessee law.

78.     HCDE discriminated against Montgomery's race, and gender by suspending, transferring, and terminating him based on specious, anonymous, reports and a lack of specific facts about failing to report child abuse which was not child abuse under Tennessee law, nor was a reportable incident pursuant to the statute on reporting child abuse but letting those administrators and teachers who actually committed crimes against children (which should have been reported as child abuse) remain employed, teaching in classroom, and interacting with students.

79. Rather than name the individual teachers, the incidents are specifically, at Central High School, a teacher was charged with having sex with two (2) students 'enticing them to her home,' but no report was made, nor was policy followed regarding the teacher. At East Ridge High School, a teacher engaged in sexual congress with a student. A female

teacher, engaged in sexual congress with two (2) different students. None of the teachers in the aforementioned few examples, among the many others, were treated as poorly as Montgomery, who had not engaged in criminal conduct with students, who fulfilled his legal obligation on behalf of students, and who fulfilled his contractual duty to HCDE yet was demoted, transferred and de facto terminated.

80.     All were treated more favorably than Montgomery in that they were not suspended, transferred or terminated. None were treated as Montgomery, who had not engaged in criminal conduct with students, but who fulfilled his legal obligation on behalf of students, and who fulfilled his contractual duty to HCDE yet was suspended, transferred and terminated.

81.     This count is for damages for race and gender discrimination by HCDE, and Rick Smith in the demotion, transfer and de facto termination of Montgomery. Therefore, pursuant to Tennessee law, the Defendants, and each of them is liable to the Plaintiff under each count in the amount of Three Hundred Thousand Dollars ($100,000.00).

## XIV. COUNT ELEVEN - GENDER AND RACE DISCRIMINATION BY HCDE AGAINST NAYADLEY

82.     Plaintiffs incorporate fully ¶¶ 1 through 81 as if fully set out herein and aver that such actions and omissions on the part of defendants constitute discrimination under T.C.A. § 4-21-401 et seq. on the basis of age and gender as to Jarvis; discrimination on the basis of race and gender as to Montgomery; and discrimination on the basis of race and gender as to Nayadley for which each defendant is individually and jointly and severally liable.

83.     HCDE suspended, transferred and terminated Nayadley relying on false facts, and omissions provided to it by Rick Smith and others including their own independent investigator. Among those false facts included, that Nayadley presided over an

athletic program with a culture of violence and bullying at Ooltewah High School with no specific names, dates, references to incidents or even detailed allegations of Nayadley's participation or knowledge of the specific names, dates, and incidents.

84. Further, Nayadley was not accused of any crime of conduct upon a child amounting to child abuse. Yet, HCDE still administered an adverse employment action, aware of the true facts that Nayadley responded to the incident as outlined in HCDE's policy manual and pursuant to Tennessee law.

85. HCDE discriminated against Nayadley's race, and gender by suspending, transferring, and terminating him based on specious, anonymous, reports and a lack of specific facts about failing to report child abuse which was not child abuse under Tennessee law, nor was a reportable incident pursuant to the statute on reporting child abuse but letting those administrators and teachers who actually committed crimes against children (which should have been reported as child abuse) remain employed, teaching in classroom, and interacting with students.

86. Rather than name the individual teachers, the incidents are specifically, at Central High School, a teacher was charged with having sex with two (2) students 'enticing them to her home,' but no report was made, nor was policy followed regarding the teacher. At East Ridge High School, a teacher engaged in sexual congress with a student. A female teacher, engaged in sexual congress with two (2) different students. None of the teachers or principals in the aforementioned few examples, among the many more, were treated as poorly as Nayadley, who had not engaged in criminal conduct with students, who fulfilled his legal obligation on behalf of students, and who fulfilled his contractual duty to HCDE yet was demoted, transferred and de facto terminated.

87. All were treated better than Nayadley in that they retained their employment and were not terminated. None were treated as Nayadley, who had not

engaged in criminal conduct with students, who fulfilled his legal obligation on behalf of students, and who fulfilled his contractual duty to HCDE yet was demoted, transferred and de facto terminated.

88.     This count is for damages for race and gender discrimination by HCDE, and Rick Smith in the demotion, transfer and de facto termination of Nayadley. Therefore, pursuant to Tennessee law, the Defendants, and each of them is liable to the Plaintiff under each count in the amount of Three Hundred Thousand Dollars ($300,000.00).

## XV. COUNT TWELVE – DEFAMATION

89.     Plaintiffs incorporate fully ¶¶ 1 through 88 as if fully set out herein and aver that such actions and omissions on the part of defendants constitute defamation for which they are individually and jointly liable.

90.     Defendant Smith published untrue facts to third parties regarding Jarvis.

91.     Defendant Smith published untrue facts to third parties regarding Montgomery.

92.     Smith published untrue facts to third parties regarding Nayadley.

93.     Defendant HCDE published untrue facts to third parties regarding Jarvis.

94.     Defendant HCDE published untrue facts to third parties regarding Montgomery.

95.     Defendant HCDE published untrue facts to third parties regarding Nayadley.

96.     Defendant HCDA and Pinkston published untrue facts to third parties regarding Jarvis.

97.     Defendant HCDA and Pinkston published untrue facts to third parties regarding Montgomery.

98.     Defendant HCDA and Pinkston published untrue facts to third parties regarding Nayadley.

99. The publication of these untrue facts to third parties including, but not limited to, the media, reporters, and various other agencies and organizations, satisfies Tennessee law of defamation. None of the information complained of provided regarding the conduct of each of the Plaintiffs was true.

100. This count is for damages for defamation by HCDE, DCS, Rick Smith, HCDA, and Pinkston in the false arrest and detention of Montgomery and Nayadley. Further, this count is for the defamation by, HCDE, DCS, Rick Smith, HCDA, and Pinkston in the demotion and de facto termination of Jarvis. Therefore, pursuant to Tennessee law, the Defendants, and each of them is liable to the Plaintiff under each count in the amount of One Hundred Thousand Dollars ($100,000.00).

## XVI. COUNT THIRTEEN – FRAUD AND DECEIT

101. Plaintiffs incorporate fully ¶¶ 1 through 100 as if fully set out herein and aver that such actions and omissions on the part of defendants constitute fraud and deceit for which they are individually and jointly liable.

102. This count is for damages for fraud and deceit by HCDE, DCS, Rick Smith, and Pinkston in the false arrest and detention of Montgomery and Nayadley. Further, this count is for fraud and deceit by, HCDE, DCS, Rick Smith, HCDA, and Pinkston in the suspension, transfer and termination of Montgomery and Nayadley as well as the demotion transfer, and de facto termination of Jarvis. Therefore, pursuant to Tennessee law, the Defendants, and each of them is liable to the Plaintiff under each count in the amount of One Hundred Thousand Dollars ($100,000.00).

## XVII. COUNT FOURTEEN – LOSS OF CONSORTIUM

103. Plaintiffs incorporate fully ¶¶ 1 through 102 as if fully set out herein and aver that such actions and omissions on the part of defendants constitute loss of consortium for which they are individually and jointly liable.

104. Defendant's negligent conduct, intentional conduct, and fraudulent/deceptive conduct caused Jarvis, Montgomery, and Nayadley such humiliation and trauma that each spouse lost the benefit of their respective husband from December 22, 2016 to the present and continuing. A. Jarvis, J. Nayadley, and B. Montgomery bring their claims for loss of consortium based on the injury caused by each and every one of the defendants in concert and individually through their respective actions and failure to act as well as omissions.

105. This count is for damages for the loss of consortium for the spouses of Montgomery, and Nayadley, with respect to each defendants conduct and omissions as to the false arrest, detention, and subsequent suspension of employment of Montgomery and Nayadley. This count is for damages for loss of consortium as a result of Defendants' negligence in the false arrest and detention of Montgomery and Nayadley. Therefore, pursuant to Tennessee law, the Defendants, and each of them is liable to the Plaintiff's spouses Montgomery and Nayadley under each count in the amount of One Hundred Thousand Dollars ($100,000.00).

106. Further, this count is for the loss of consortium for the spouse of Jarvis with respect to each defendants conduct and omissions as to the demotion and subsequent termination without due process as to the employment of Jarvis. Therefore, pursuant to Tennessee law, the Defendants, and each of them, is liable to the Plaintiff under each count in the amount of One Hundred Thousand Dollars ($100,000.00).

## XVIII. COUNT FIFTEEN – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

107. Plaintiffs incorporate fully ¶¶ 1 through 106 as if fully set out herein and aver that such actions and omissions on the part of defendants constitute negligent infliction of emotional distress for which they are individually and jointly liable.

108. Defendants negligently failed to investigate properly.

109.     Defendants negligently failed to retain facts confidential and inviolate.

110.     Defendants instead reacted in knee jerk fashion, speciously, and without detailed facts.

111.     Defendant HCDE negligently relied upon false information and misrepresented facts and in so doing, engaged in adverse employment action with respect to Plaintiffs Jarvis, Montgomery, and Nayadley.

112.     Defendant Rick Smith negligently withheld true and accurate, as well as pertinent facts from a tribunal and from HCDE, his employer, and took adverse employment action as to Plaintiffs Jarvis, Montgomery, and Nayadley.

113.     Defendant Pinkston interjected his office into an investigation which arose out of Sevierville, Tennessee and not Hamilton County, Tennessee. Pinkston presented misleading facts to tribunals, and published misleading facts to the public and the media.

114.     Defendant Hamilton County, Tennessee did not intervene to curtail this conduct.

115.     Each of the Defendants engaged in conduct which caused emotional distress and mental anguish. The decisions made by each defendant were the proximate and legal cause of the Plaintiffs' emotional distress and mental anguish. Each Plaintiff has suffered from such emotional and mental anguish as they have required medical attention, therapy, and medication such that the conduct of their normal lives prior to this incident created by Defendants' conduct could not be maintained.

116.     As a proximate and legal result of Defendants' conduct and misrepresentations and omissions as to the suspension, demotion and subsequent termination without due process as to the employment of Jarvis, Montgomery, and Nayadley, pursuant to Tennessee law, the Defendants, and each of them, is liable to the Plaintiff under each count in the amount of One Hundred Thousand Dollars ($100,000.00).

## XIX. COUNT SIXTEEN - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

117.     Plaintiffs incorporate fully ¶¶ 1 through 116 as if fully set out herein and aver that such actions and omissions on the part of defendants constitute intentional infliction of emotional distress for which they are individually and jointly liable.

118.     Defendants failed to investigate properly.

119.     Defendants intentionally failed to retain facts confidential and inviolate.

120.     Defendants instead reacted in knee jerk fashion, speciously, and without detailed facts.

121.     Defendant HCDE intentionally relied upon false information and misrepresented facts and in so doing, engaged in adverse employment action with respect to Plaintiffs Jarvis, Montgomery, and Nayadley.

122.     Defendant Rick Smith intentionally withheld true and accurate, as well as pertinent facts from a tribunal and from HCDE, his employer, and took adverse employment action as to Plaintiffs Jarvis, Montgomery, and Nayadley.

123.     Defendant Pinkston intentionally interjected his office into an investigation which arose out of Sevierville, Tennessee and not Hamilton County, Tennessee. Pinkston presented misleading facts to tribunals, and published misleading facts to the public and the media.

124.     Defendant Hamilton County, Tennessee did not intervene to curtail this conduct.

125.     Each of the Defendants engaged in intentional conduct which caused emotional distress and mental anguish. The decisions made by each defendant were the proximate and legal cause of the Plaintiffs' emotional distress and mental anguish. Each Plaintiff has suffered from such emotional and mental anguish as they have required

medical attention, therapy, and medication such that the conduct of their normal lives prior to this incident created by Defendants' conduct could not be maintained.

126. As a proximate and legal result of Defendants' intentional conduct and misrepresentations and omissions as to the suspension, demotion and subsequent termination without due process as to the employment of Jarvis, Montgomery, and Nayadley, pursuant to Tennessee law, the Defendants, and each of them, is liable to the Plaintiff under each count in the amount of One Hundred Thousand Dollars ($100,000.00).

## XX. COUNT SEVENTEEN – SELECTIVE PROSECUTION AS TO MONTGOMERY AND NAYADLEY BY PINKSTON

127. Plaintiffs incorporate fully ¶¶ 1 through 126 as if fully set out herein and aver that such actions and omissions on the part of defendants constitute intentional infliction of emotional distress for which they are individually and jointly liable.

128. Defendant HCDA and Pinkston failed to investigate Tennessee law and the facts of the matter properly.

129. Defendant HCDA and Pinkston failed to retain facts confidential and inviolate.

130. Defendants HCDA and Pinkston instead reacted in knee jerk fashion, speciously, and without detailed facts.

131. Defendant Pinkston, despite facts common to Assistant Coach Karl Williams, Nayadley, Montgomery, Jarvis, Lee McDade, Steve Holmes, and Rick Smith, intentionally relied upon false information and misrepresented facts and in so doing, engaged in the prosecution of only Karl Williams, Montgomery, and Nayadley. Pinkston selectively did not prosecute Jarvis, McDade, or Allen.

132. Defendant Pinkston prosecuted Williams, Nayadley and Montgomery on the basis of the statutory language regarding obtaining information and reporting child abuse.

133.    Pinkston chose not to prosecute Rick Smith even though Smith intentionally withheld true, accurate, as well as pertinent facts from (1) Pinkston in his capacity as District Attorney; (2) a tribunal; and (3) from HCDE, Smith's employer. Yet HCDA and Pinkston prosecuted Plaintiffs Montgomery, and Nayadley even though no criminal act was committed, jurisdiction did not lie in Hamilton County, Tennessee nor did the statute apply to the perpetrator's and victim, nor was the statute's definition of child abuse applicable.

134.    Defendant Pinkston intentionally interjected HCDA into an investigation which arose out of Sevierville, Tennessee and not Hamilton County, Tennessee. Pinkston presented misleading facts to tribunals, and published misleading facts to the public and the media.

135.    Defendant Hamilton County, Tennessee did not intervene to curtail this conduct.

136.    Defendant Pinkston, acting outside the scope of his office and employment, engaged in selective prosecution under Tennessee law. The decisions made by Defendant Pinkston was the proximate and legal cause of the Plaintiff's Montgomery and Nayadley's damages occasioned by the adverse employment actions taken against them, their suspension, transfer, and termination, their arrest and detention, their emotional distress and mental anguish, their loss of consortium, and other damages. Montgomery and Nayadley have suffered from such emotional and mental anguish as they have required medical attention, therapy, and medication such that the conduct of their normal lives prior to this incident created by Pinkston's conduct could not be maintained. Jarvis suffered similarly, by being threatened with prosecution as a member of the chain of knowledge and subsequently called as a witness to testify before a tribunal with no jurisdiction over the issues, and upon presenting truthful and accurate facts, demoted, transferred, and

subsequently de facto terminated by Rick Smith with the approval of HCDE and Hamilton County.

137. As a proximate and legal result of Defendant Pinkston's selective prosecution of Montgomery, and Nayadley, Pinkston is liable to Jarvis, Montgomery and Nayadley under each count in the amount of One Hundred Thousand Dollars ($100,000.00).

138. Plaintiff reserves the right to amend this Complaint to conform to evidence as developed hereunder and to further add additional facts and circumstances to the Complaint, if deemed necessary and as provided for pursuant to Tennessee Local Rule of Court and Tennessee Rules of Civil Procedure.

### XXI. BREACH OF FIDUCIARY DUTY HAMILTON COUNTY

139. Plaintiffs incorporate fully ¶¶ 1 through 138 as if fully set out herein and aver that such actions and omissions on the part of defendants constitute intentional infliction of emotional distress for which they are individually and jointly liable.

140. Defendants stood as fiduciaries to Jarvis, Montgomery and Nayadley to ensure not only the protection of their civil liberties and freedom from discriminatory treatment, but also a duty to prevent its employees from abusing their discretionary functions or enacting them negligently failing to have a basis for detention, and arrest.

141. Nonetheless, HCDA and Pinkston not only caused Plaintiffs to be detained, but also submitted Plaintiffs to excruciating disrepute, and untold suffering for participating in the legal process as a witness as Jarvis did, and for coaching a team and serving as an athletic director. Nothing about the prosecution of Nayadley and Montgomery was justified or privileged under state law and therefore constituted false imprisonment. Hamilton County did nothing to stop the wrongful prosecution.

142. Defendant Hamilton County is responsible to Jarvis, Nayadley and

Montgomery not only for the defamation, breach of fiduciary duty, false imprisonment occasioned by Pinkston and Smith, but also under the doctrine of respondeat superior for the conduct of its employees.

143.    The actions of Defendants were willful, wanton, and in gross and reckless disregard for Jarvis, Nayadley and Montgomery's rights and physical safety and constitute a breach of duty to Jarvis, Nayadley and Montgomery under the circumstances.

144.    The actions of Defendants caused Jarvis, Nayadley, and Montgomery damages including mental and emotional harm, pain and suffering and physical injury for which they are liable to each, Jarvis, Nayadley, and Montgomery in the sum to be proven at trial in excess of Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, BASED ON THE FOREGOING, Plaintiffs requests this Court find each and every one of the Defendants liable to Plaintiffs individually and jointly and:

1.    Award James Jarvis compensatory damages to the plaintiffs against the defendants in an amount not less than One Million Five Hundred Fifty Thousand Dollars ($1,550,000.00).

2.    Award Andre Montgomery compensatory damages to the plaintiffs against the defendants in an amount not less than One Million Five Hundred Fifty Thousand Dollars ($1,550,000.00);

3.    Award Jesse Nayadley compensatory damages to the plaintiffs against the defendants in an amount not less than One Million Five Hundred Fifty Thousand Dollars ($1,550,000.00);

4.    Award each of the Plaintiffs Jarvis, Montgomery and Nayadley, punitive Damages of not less than One Million Dollars ($1,000,000.00) each;

5.  Award A. Jarvis, B. Montgomery, and J. Nayadley, damages for loss of consortium of not less than One Hundred Thousand Dollars ($100,000.00) each;

6.  Award Jarvis, Montgomery, and Nayadley, reasonable attorney's fees pursuant to 42 U.S.C. 1988;

7.  Award Plaintiffs Jarvis, Montgomery and Nayadley the cost of suit and such other and further relief as this Court deems just and proper; and

8.  PLAINTIFFS DEMAND A JURY TO TRY ALL ISSUES.


RESPECTFULLY SUBMITTED,

BOWE & ASSOCIATES, PLLC

By: _____
Curtis L. Bowe, III (BPR 017037)
*Attorney for Plaintiffs*
707 Georgia Avenue, Suite 301
Chattanooga, Tennessee 37402
423.475.6070/423.475.6072

## VERIFICATION

STATE OF TENNESSEE          )
                           )
COUNTY OF HAMILTON         )

JAMES JARVIS, being first duly sworn, makes an oath that the statements made in his foregoing Complaint are true as of his own knowledge and belief and is not made out of levity or in collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint and that he is justly entitled to the relief herein sought.

_____
JAMES JARVIS

WITNESS my hand this the ___19___ day of ___June___, 2017.

Melissa Mullin
NOTARY PUBLIC
My Commission Expires: 5·25·20

## VERIFICATION

STATE OF TENNESSEE          )
                           )
COUNTY OF HAMILTON         )

AMELIA JARVIS, being first duly sworn, makes an oath that the statements made in her foregoing Complaint are true as of her own knowledge and belief and is not made out of levity or in collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint and that she is justly entitled to the relief herein sought.

_____
AMELIA JARVIS

WITNESS my hand this the ___19___ day of ___June___, 2017.

Melissa Mullin
NOTARY PUBLIC
My Commission Expires: 5·25·20

## VERIFICATION

STATE OF TENNESSEE            )
                             )
COUNTY OF HAMILTON            )

    ANDRE MONTGOMERY, being first duly sworn, makes an oath that the statements made in his foregoing Complaint are true as of his own knowledge and belief and is not made out of levity or in collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint and that he is justly entitled to the relief herein sought.

ANDRE MONTGOMERY

WITNESS my hand this the 19 day of June , 2017.

Melissa Mullin
NOTARY PUBLIC
My Commission Expires: 5-25-20

## VERIFICATION

STATE OF TENNESSEE            )
                             )
COUNTY OF HAMILTON            )

    BONITA MONTGOMERY, being first duly sworn, makes an oath that the statements made in her foregoing Complaint are true as of her own knowledge and belief and is not made out of levity or in collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint and that she is justly entitled to the relief herein sought.

BONITA MONTGOMERY

WITNESS my hand this the 19 day of June , 2017.

Melissa Mullin
NOTARY PUBLIC
My Commission Expires: 5-25-20

## VERIFICATION

STATE OF TENNESSEE )
)
COUNTY OF HAMILTON )

ALLARD NAYADLEY, being first duly sworn, makes an oath that the statements made in his foregoing Complaint are true as of his own knowledge and belief and is not made out of levity or in collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint and that he is justly entitled to the relief herein sought.

_alee Nay_
ALLARD NAYADLEY

WITNESS my hand this the __19__ day of __June__, 2017.

_Melissa Mullins_
NOTARY PUBLIC
My Commission Expires: __5-25-20__

## VERIFICATION

STATE OF TENNESSEE )
)
COUNTY OF HAMILTON )

JANET NAYADLEY, being first duly sworn, makes an oath that the statements made in her foregoing Complaint are true as of her own knowledge and belief and is not made out of levity or in collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint and that she is justly entitled to the relief herein sought.

_Janet Nayadley_
JANET NAYADLEY

WITNESS my hand this the __19__ day of __June__, 2017.

_Melissa Mullins_
NOTARY PUBLIC
My Commission Expires: __5-25-20__